# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEIF BERGMAN and BERGMAN LANDSCAPE INC., | 1:11-cv-1866 LJO GSA |
| Plaintiffs, | **ORDER GRANTING MOTION TO STRIKE** |
| v. | |
| MICHAEL P. TOBIN, HOLLY W. TOBIN, STEEL VENTURES, INC., UNITED STATES OF AMERICA and BOB VANELLA, | **ORDER GRANTING MOTION TO SET ASIDE DEFAULT** |
| Defendants. | (Docs. 13 and 25) |

## INTRODUCTION

Pending before the Court is Michael Tobin and Holly Tobin's ("Defendants") Motion to Set Aside Default.  (Doc. 13).  Leif Bergman and Bergman Landscape Inc. ("Plaintiffs"),  filed an Opposition to the motion on January 27, 2012.  (Doc. 18).  Defendants filed a Reply on January 30, 2012.  (Docs. 20, 21).  The matter was set for hearing on February 10, 2012, at 9:30 am.  The Court determined that the matter was suitable for decision without oral argument.  The matter was taken under submission and the hearing was vacated on February 8, 2012.  (Doc. 22).

Shortly after the issuance of the Court's order taking the matter under submission,

1  Plaintiffs filed a Sur-Reply and a Request for Judicial Notice. (Docs. 23 and 24).  Defendants
2  filed a Motion to Strike these filings on the basis that they were untimely.  (Docs. 25).
3        As a preliminary matter, Defendants' Motion to Strike Plaintiffs' Sur-Reply and Request
4  for Judicial Notice is GRANTED.  At the time Plaintiffs filed these documents, the case had
5  already been taken under submission.  Furthermore, Plaintiffs never requested leave to file
6  additional pleadings, nor do the Local Rules allow for such submission.  Local Rule 230 (d) and
7  (g).  Accordingly, the Sur-Reply and Request for Judicial Notice are STRICKEN. (Docs. 23 and
8  24).  Upon a review of the pleadings, the Court GRANTS Defendants' Motion to Set Aside
9  Default.

**PROCEDURAL BACKGROUND**

11        On September 26, 2011, Plaintiffs filed a complaint against Defendants in the Stanislaus
12  County Superior Court. (Doc. 1 at Ex. A).  The complaint seeks foreclosure of mortgage on real
13  properly located at 1711 East Hawkeye Avenue, Turlock, California 95830.  The complaint
14  alleges that Plaintiff, Leif Bergman is holding a mortgage/lien against the property.  The case was
15  removed to this Court by Defendant United States of America on November 9, 2011. (Doc. 1).
16        The complaint alleges that on June 22, 2009, Defendants delivered a written promissory
17  note ("the note") to Plaintiffs in the principal sum of $205,399.15.  The parties signed a security
18  agreement ("Security Agreement") as security for the note.  Plaintiffs contends that the security
19  agreement constituted a mortgage and that the parties intended that the property would be
20  hypothecated for full and faithful performance of all obligations under the note.  Pursuant to the
21  terms of the note, Defendants promised to make monthly payments of $5,209.45 beginning
22  February 15, 2010, and continuing in subsequent months. The note/mortgage allegedly provides
23  that the if Defendants defaulted, Plaintiffs could demand that all sums owed under the note be
24  paid immediately.  The mortgage was duly recorded in the Official Records of Stanislaus County
25  on July 22, 2009.
26        Plaintiffs allege that Defendants have not paid the amounts owed as required.  In

2

accordance with the agreements, Plaintiffs elected to declare the remaining principal and interest payable immediately. The accelerated amount due consists of the principal sum of $209,491.47 plus interest. Plaintiffs further allege that Defendants failed to pay property taxes, assessments, and maintain insurance on the property as required.

Plaintiffs have alleged foreclosure on the mortgage, foreclosure on the equitable mortgage, and reformation as causes of action. They seek $209,491.47 plus interest, attorneys' fees, any additional funds necessary to protect their security interest in the property, reformation *ab initio* to reflect the intention of the parties that the security was pledged to Bergman Landscape, Inc., rather than Leif Bergman, declaratory relief, an order that the subject mortgage be foreclosed, a judgment against Defendants for any deficiency that remains after applying all of proceeds of the sale of the property, costs, and any other just and proper relief.

Defendants were served with the complaint on October 11, 2011. (Doc. 6 & 7). Defendants failed to timely answer the complaint. On November 21, 2011, Plaintiffs requested that default be entered against Defendants. The Clerk of the Court entered default on November 22, 2011. (Docs. 9 and 10). Defendants filed the instant motion on December 20, 2011. (Doc. 13).

**DISCUSSION**

The district court has "especially broad" discretion in deciding whether to set aside an entry of default. *United States v. Brady*, 211 F.3d 499, 504 (9th Cir. 2000). Rule 55(c) of the Federal Rules of Civil Procedure provides that a court may set aside default for "good cause shown." The "good cause" standard that governs vacating an entry of default under Rule 55(c) is the same standard that governs vacating a default judgment under Rule 60(b). *Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 925-926 (9th Cir. 2004); *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001). The good cause analysis considers three factors: (1) whether Defendants engaged in culpable conduct that led to the default; (2) whether Defendants have a meritorious defense; or (3) whether reopening the

default judgment would prejudice Plaintiff. *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle ("Mesle")*, 615 F. 3d 1085, 1091 (9th Cir. 2010) (citing *Franchise Holding II, LLC*, 375 F.3d at 925-926. The court may deny the motion if any one of these factors exists. *Id*. In considering the good cause factors, "judgment by default is a drastic step appropriate only in extreme circumstances; a case should whenever possible be decided on the merits." *Mesle*, 615 F. 3d at 1091 (quoting *Falk v. Allen*, 739 F. 2d 461, 463 (9th Cir. 1984)).

### 1.   *Culpable Conduct*

Defendants contend their failure to respond was the result of miscommunication between Defendant Michael Tobin and Michael Warda, Esq. regarding the delivery of the summons and complaint.[1] Specifically, Michael Tobin and his wife (co-defendant Holly Tobin) were served with a copy of the summons and complaint on October 12, 2011. On November 7, 2011, Mr. Tobin believed that his wife delivered a copy of the summons and complaint to attorney, Michael Ward. However, on November 20, 2011, he realized that Mr. Ward had received the wrong documents. After returning from a family vacation, Michael Tobin learned that default had been entered in this matter and he began looking for the documents again. When the correct documents were located, Michael Tobin delivered the documents to attorney Ward's office who advised him that he only had 30 days to answer the pleadings. Mr. Tobin indicated that he wrote a check so that documents could be filed with the Stanislaus Superior Court on November 29, 2011.[2] As such, Defendants argue their conduct was not culpable.

In opposition to the motion, Plaintiffs argue that Defendants were served with the pleadings but took no appropriate action to respond to them in any meaningful way until after

---

[1] Michael Tobin submitted a declaration in support of his motion. *See*, Declaration of Michael Tobin dated December 17, 2011. (Doc. 13-4). In response, Plaintiffs submitted numerous evidentiary objections to Defendant's declaration. (Doc. 18-1). This summary contains the facts that Court has found to be admissible and relevant after considering Plaintiffs' objections.

[2] Mr. Tobin also makes statements in his declaration that he was unaware of the consequences of signing the security agreement. The Court does not find these arguments relevant and need not address them in light of the other issues presented in this case.

going on a family vacation and after default was entered. They also contend that there was no admissible evidence of miscommunication between the Tobins and Attorney Warda. Finally, Plaintiffs urge the Court to find that the Tobins are legally sophisticated since they have four other default judgments against them. Accordingly, Plaintiffs reason that the Motion to Set Aside Default should be denied.[3] The court disagrees.

Plaintiffs correctly note that "a defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *TCI Group*, 244 F.3d at 697 (emphasis in original) (quoting *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir.1988)). However, the Ninth Circuit has also held that "intentionally means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." *Mesle*, 615 F. 3d at 1092 *quoting*, *TCI Group*, 244 F.3d at 697. "It is clear that simple carelessness is not sufficient to treat a negligent failure to reply as inexcusable, at least without a demonstration that other equitable factors, such as prejudice, weigh heavily in favor of denial of the motion to set aside a default." *Id*. at 1092-1093; *quoting* TCI Group, 244 F.3d at 696–97; *see also Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir.2009).

---

[3] Pursuant to Plaintiffs' request, the Court takes judicial notice that default judgment has been entered against Defendants in the following cases :

1. *Steel Ventures, Inc. v. Tobin & Gonzales, LLC, et al.*, Stanislaus County Superior Court, Case No. 650686, default judgment in the sum of $58,364.78 entered against Michael Tobin, 11/9/10. See, Dini Decl. at Ex. 2 (Doc. 18-2).

2. *Discover Bank v. Holly Tobin*, Stanislaus County, Case No. 665722, default entered 11/7/11. Dini Decl. at Ex. 4 (Doc. 18-2).

3. *Vanella et al v. Tobin & Gonzales, LLC*, et al., Butte County Superior Court, Case No. 149986, default judgment in the sum of $118,630.00 entered 7/26/11. Dini Decl. at Ex. 3 (Doc. 18-2).

4. *Custom Printing v. Tobin & Gonzales, LLC, et al.*, Stanislaus County Superior Court, Case No. 447867, Small Claims Division, default judgment entered 5/17/11. Dini Decl. at Ex. 5.

In this case, there is no evidence that Defendants acted in bad faith or manifested malicious intent.  The Court is not persuaded by Plaintiffs' argument that Defendants are legally sophisticated as evidenced by the fact that they have four other default judgments entered against them.  To the contrary, the other default judgments suggest that Defendants are unable to manage their legal affairs and are legally unsophisticated.  Defendants are not lawyers, nor is there evidence to suggest that they have had extensive legal training or experience.  Moreover, at the time they failed to timely respond to the complaint, they were attempting to coordinate with an attorney, but they were unrepresented by counsel.  While this failure to respond may be negligent, Defendants' action do not amount to culpable conduct.

### 2. *Meritorious Defense*

A defendant seeking to set aside an entry of default must present specific facts that would constitute a defense. *TCI Group,* 244 F. 3d at 700.  However, this burden is not "extraordinarily heavy." *Id*. at 700.  "All that is necessary to satisfy the meritorious defense requirement it to allege sufficient facts that, if true, would constitute a defense... ." *Mesle*, 615 F. 3d at 1094 (citing TCI Group, 244 F. 3d at 700).

Here, Defendants contend that the complaint is deficient because it does not allege that Plaintiffs held a contractor's license which is required under California Bus. & Prof. Code § 7031(a).  They further argue that this failure to possess and allege a license bars Plaintiffs requests for relief.  Moreover, they assert that the promissory note lists the payee as Bergman Landscape, Inc., however the secured party in the security agreement is Leif Bergman, owner of Bergman Landscape, Inc.  Defendants allege that this inconsistency is fatal to Plaintiffs' claims and renders the agreement void pursuant to § 7031 because  Leif Bergman, as an individual cannot possess a contractor's license on his own behalf. [4]

---

[4] Defendants also improperly argued that Plaintiffs were required to comply with the Soldiers and Sailors' Civil Relief Act ( "SSCRA") for purposes of obtaining default, however the SSCFRA is only applicable to Motions for Default Judgment  which is not at issue here.  50 U.S.C. §§ 521(a), (b) and (g).   Furthermore, Defendants made arguments that Plaintiffs improperly sold their possessions, however, it is clear from Plaintiffs pleading that no items have been sold rendering this argument moot.

In opposition, Plaintiffs argue that the face of the complaint does not plead facts requiring a contractor's license for enforcement.  Moreover, Plaintiffs submitted evidence that Mr. Bergman possesses a contractor's license which they contend renders Defendants' arguments moot. They further allege that the complaint adequately pleads entitlement to reformation which would correct the typographical error listing Mr. Bergman rather than Bergman Landscape, Inc. in the security agreement if the Court found it necessary to do so.

Upon a review of the arguments, Defendants have proffered sufficient facts and theories to constitute a meritorious defense.  Whether Plaintiffs can collect damages given the status of Plaintiff's contractor's license, as well as the legality of the security agreement and promissory note based on inconsistencies between the documents are defenses Defendants should be permitted to litigate.  To meet the meritorious defense requirement, Defendants need not establish their defense, they only need to allege sufficient facts that, if true, would merit a defense. "The question of whether the factual allegations are true is not to be determined by the court when it decides the motion to set aside the default. Rather, that question would be the subject of later litigation." *Mesle*, 615 F. 3d at 1094 (citing TCI Group, 244 F. 3d at 700). Defendants should be allowed to present these arguments to the Court so that a trier of fact can determine the factual and legal sufficiency of their theories.

### 3.   *Prejudice to Plaintiff*

Finally, the Court must consider whether Plaintiff will suffer any prejudice if the entries of default are set aside. *Knoebber*, 244 F.3d at 696.  To be prejudicial, the setting aside of the default "must result in greater harm than simply delaying the resolution of the case.  Rather, the standard is whether the plaintiff's ability to pursue his claim will be hindered." *Id*. at 701, citing *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1994).

Plaintiffs' pleadings do not establish or assert a greater harm than delay in the resolution of this matter. In fact, Plaintiffs failed to discuss the issue of prejudice.  Plaintiffs cannot establish prejudice simply because they lost a "quick victory due to [Defendants'] procedural

7

default and must litigate on the merits." *TCI Group*, 244 F. 3d at 701 (citing *Bateman v. U.S. Postal Serv.*, 231 F. 3d 1220, 1225 (9th Cir. 2000).

In this case, Defendants were only twenty-eight days late filing the answer and sought legal representation to remedy the deficiency. At the time the instant motion was filed, the scheduling conference had not yet occurred. Finally, the relief Plaintiffs seek is an extreme remedy that will result in the foreclosure of Defendants' home. After balancing all of the equitable factors, giving Defendants the opportunity to litigate this case on the merits is appropriate.

**ORDER**

Given the above, the following in hereby ordered :

1) Defendants' Motion to Set Aside Default is GRANTED. The defaults entered against Michael Tobin and Holly Tobin on November 22, 2011 are set aside (Docs. 9 and 10);

2) Defendants' Motion to Strike Plaintiffs' Sur-Reply and Request for Judicial Notice is GRANTED;

3) For purposes of clarifying the record, the Clerk of the Court shall enter Defendants' Answer and Counter Claim as a separate entry in the docket (Doc. 13-3 at Exhibit C); and

4) The scheduling conference set for April 11, 2012 at 9:30 am in Courtroom 10, will remain as scheduled. The parties shall submit a joint scheduling report no later than seven days prior to the conference.

IT IS SO ORDERED.

Dated:   **March 23, 2012**              /s/ **Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE