# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEIF BERGMAN and BERGMAN LANDSCAPE INC., <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL P. TOBIN, HOLLY W. TOBIN, STEEL VENTURES, INC., UNITED STATES OF AMERICA and BOB VANELLA, <br><br> Defendants. | 1:11-cv-1866 LJO GSA <br><br> **FINDINGS AND RECOMMENDATIONS DENYING MOTION TO EXPUNGE LIS PENDENS** <br><br> (Docs. 32) |

## INTRODUCTION

Pending before the Court is Michael Tobin and Holly Tobin's ("Defendants") Motion to Expunge Lis Pendens filed on March 27, 2012. (Doc. 32). Defendants filed an additional memorandum citing a case that was published after the filing of the initial motion on April 4, 2012. (Doc. 34). At the request of the parties, the motion was continued to pursue a settlement agreement in this matter. After settlement attempts were unsuccessful, Leif Bergman and Bergman Landscape Inc. ("Plaintiffs"), filed an Opposition to the motion on August 15, 2012 (Doc. 49). Defendants filed a Reply on August 20, 2012. (Doc. 50). The matter was set for

1

hearing on August 28, 2012, at 9:30 am.  The Court determined that the matter was suitable for decision without oral argument.  The matter was taken under submission and the hearing was vacated.

Shortly after the issuance of the Court's order taking the matter under submission, the parties filed a joint scheduling report wherein the United States indicated that it was considering disclaiming its lien interest in the subject property which is the basis of this Court's jurisdiction.  On September 10, 2012, the court held a status conference and determined the motion was still ripe for decision.

Upon a review of the pleadings, it is recommended that Defendant's Motion to Expunge the Lis Pendens be DENIED.  Similarly, it is recommended that Defendant's request for attorney's fees and Defendants' request for dismissal of the action also be DENIED.

## PROCEDURAL BACKGROUND

On September 26, 2011, Plaintiffs filed a complaint against Defendants in the Stanislaus County Superior Court.  (Doc. 1 at Ex. A).  The complaint seeks foreclosure of mortgage on real properly located at 1711 East Hawkeye Avenue, Turlock, California 95830.  The complaint alleges that Plaintiff Leif Bergman is holding a mortgage/lien against the property.  The case was removed to this Court by Defendant United States of America on November 9, 2011. (Doc. 1).

The complaint alleges that on June 22, 2009, Defendants delivered a written promissory note ("the note") to Plaintiffs in the principal sum of $205,399.15.  (Doc. 1, Ex. B).  The promissory note lists Bergman Landscape as the sole Payor.[1]  *Id*. at pg. 2.  The parties also signed a security agreement, which was recorded in the Stanislaus Superior Court, Doc. 2009-0072405-00 ("Security Agreement") as security for the note. (Doc. 1, Ex.C).

Plaintiffs contends that the security agreement constituted a mortgage and that the parties

---

[1] Although Bergman Landscape is listed as the payor in the promissory note and Leif Bergman is listed as payor in the security agreement, these parties should have been listed as the payee in both documents.  It is clear that despite the improper designations, Bergman Landscape Inc./Leif Bergman were to receive payments from the Tobins for services rendered.  Despite this clerical error, the Court will refer to Bergman Landscape and Leif Bergman as the payors to avoid confusion since this is the designation in the original documents.

2

intended that the property would be hypothecated for full and faithful performance of all obligations under the note.  Pursuant to the terms of the note, Defendants promised to make monthly payments of $5,209.45 beginning February 15, 2010, and continuing in subsequent months. The note/mortgage allegedly provides that the if Defendants defaulted, Plaintiffs could demand that all sums owed under the note be paid immediately.  The mortgage was duly recorded in the Official Records of Stanislaus County on July 22, 2009.

In the complaint, Plaintiffs allege that Defendants have not paid the amounts owed as required.  In accordance with the agreements, Plaintiffs elected to declare the remaining principal and interest payable immediately.  The accelerated amount due consists of the principal sum of approximately $209,491.47 plus interest.  Plaintiffs further allege that Defendants failed to pay property taxes, assessments, and maintain insurance on the property as required.

Plaintiffs have alleged foreclosure on the mortgage, foreclosure on the equitable mortgage, and reformation as causes of action.  They seek the following : $209,491.47 plus interest; attorney's fees; any additional funds necessary to protect their security interest in the property;  reformation *ab initio* to reflect the intention of the parties that the security was pledged to Bergman Landscape, Inc., rather than Leif Bergman; declaratory relief; an order that the subject mortgage be foreclosed; a judgment against Defendants for any deficiency that remains after applying all of proceeds of the sale of the property; costs; and any other just and proper relief.

On September 26, 2011, Plaintiffs recorded a Notice of Pendency of Action, Doc. 2011-0079316-00.  (Doc. 32-3, Ex. A).  On September 26, 2011, Plaintiffs also filed a Notice of Pendency of Action, Case No. 668828 (Doc. 32-3, Ex. B) in the Stanislaus Superior Court. Defendants filed the instant motion to expunge the lis pendens.

***Defendants' Motion***

Defendants seek to expunge the lis pendens based on a lack of proper service.  They also seek expungement of the lis pendens on the basis that Plaintiffs cannot prevail because Bergman

3

Landscape is not the secured creditor under the security agreement and consequently it has no interest in the real property. Finally, Defendants argue that Bergman Landscape Inc. lacks a valid contractor's license and is therefore prohibited from collecting on this debt.

In addition to the expungement of the lis pendens, Defendants request attorneys' fees for bringing the motion, as well as dismissal of this action pursuant to *Chambers v. Nasco*, 501 U.S. 32 (1991). Defendants assert that Plaintiffs engaged in egregious conduct including failing to serve Defendants with the lis pendens and luring Defendants into signing a security agreement which mortgages their home without their knowledge.

In opposition, Plaintiffs contend the Motion to Expunge the Lis Pendens should be denied because Defendants were actually served with the Notice of Lis Pendens but refused service. Moreover, any ambiguity with regard to the identification of Mr. Leif Bergman named in the security agreement can be addressed through ordinary rules of contractual interpretation under California law, the remedy of reformation, or the remedy of equitable mortgage as the intent of the parties is clear from the document. Finally, Bergman Landscape Inc., holds a contractor's license and Plaintiff Leif Bergman is the responsible managing officer. Plaintiffs request that if the Court is inclined to grant Defendants' motion, that the Court permit discovery to establish the viability of its claims, and that they be allowed to re-serve the lis pendens if necessary.

## DISCUSSION

### *Service*

As a preliminary matter, Defendants contend that the lis pendens should be expunged because the technical statutory requirements for service were not met. Specifically, C.C. P. § 405.23 requires that proof of service be appended to the lis pendens and proof of service be recorded with the county recorder. Defendants contend that the notice of pendency of action as recorded lacks the required proof of service.

In their opposition, Plaintiffs argue that the proof of service of the lis pendens was filed in the state court, but they concede the proof of service was not recorded in the official county

records. (Doc. 49-1, Ex. 5). They contend that Defendants were served with the required documents on September 28, 2011, via certified mail, return receipt requested, but that Defendants refused service. In support of this assertion, Plaintiffs have provided the envelopes demonstrating that Defendants refused to accept delivery of the certified mail. (Doc. 49-1, Ex. 6). Moreover, Plaintiffs argue that Defendants received notice of the lis pendens as evidenced by the fact that they filed a motion to expunge the lis pendens one day after filing their answer. As such, Plaintiffs argue they have substantially complied with the intent of the statute which is to provide notice to the affected parties. Finally, if the Court is inclined to expunge the lis pendens, Plaintiffs request an opportunity to file another lis pendens pursuant to CCP § 405.36 to meet the procedural requirements under the statute.

Defendants have not responded to Plaintiffs' arguments regarding their alleged refusal of service of process in their Reply.

Preliminarily, the Court notes that California Code of Civil Procedure Section 405.23 provides as follows :

> Any notice of pendency of action shall be void and invalid as to any adverse party or owner of record unless the requirements of Section 405.22 are met for that party or owner and a proof of service in the form and content specified in Section 1013a has been recorded with the notice of pendency of action.
> C.C.P. § 405.23

C.C.P. § 405.22 provides as follows :

> Except in actions subject to Section 405.6, the claimant shall, prior to recordation of the notice, cause a copy of the notice to be mailed, by registered or certified mail, return receipt requested, to all known addresses of the parties to whom the real property claim is adverse and to all owners of record of the real property affected by the real property claim as shown by the latest county assessment roll. If there is no known address for service on an adverse party or owner, then as to that party or owner a declaration under penalty of perjury to that effect may be recorded instead of the proof of service required above, and the service on that party or owner shall not be required. Immediately following recordation, a copy of the notice shall also be filed with the court in which the action is pending. Service shall also be made immediately and in the same manner upon each adverse party later joined in the action.

The notice requirement is intended to assure that property owners receive prompt notice of the recording of a lis pendens. Thus, no plaintiff has the right to ambush a property owner by

5

surreptitiously recording a lis pendens. *Biddle v. Superior Court of Orange County*, 170 Cal. App. 3d 135, 137 (1985).   The purpose of the expungement statute is also to prevent the unwarranted clouding of a party's title with an inappropriate or void lis pendens. *McKnight v. Superior Court of Los Angeles*, 170 Cal. App. 3d 291, 303 (1985).

In this case, although the proof of service was not properly recorded with the county, it appears that Plaintiffs attempted to serve Defendants and filed the proofs of service with the court.  Although the envelopes submitted by Plaintiffs do not unequivocally establish that Defendants actually *refused* service, it is clear that the mail was not claimed.  Interestingly, the Tobins have not refuted Plaintiffs' assertions.  Moreover, the record is clear that Defendants received notice of the lis pendens as evidenced by the fact that the instant motion was filed within one day of the filing of an answer.  Given these circumstances, Plaintiffs have substantially complied with the intent of the law thereby satisfying the purpose of the statute.  As noted by the Court in *Biddle v. Superior Court of Orange County*, 170 Cal. App. 3d at 137:

> In construing section 409 [now 405.23] we must not "become immersed in the various aspects of statutory construction and lose sight of the overall objectives of the statutes." (citations omitted).  Since actual notice is the heart of subdivisions (c) and (d), slavish adherence to the technical requirements of service would defeat the overall legislative objective.

Here, Defendants' arguments regarding lack of service are not persuasive given Plaintiffs' service attempts.  Finally, no legitimate purpose would be served in expunging the lis pendens based on Plaintiffs' failure to record the proof of service with the county.  In *McKnight*, the Court noted that circumstances would exist which would permit the filing of a second lis pendens.  Thus, even if the lis pendens were invalid based on service, it does not preclude Plaintiffs from refiling a notice of lis pendens which would comply with the requirements of section 409.[2] *McKnight v. Superior Court of Los Angeles*, 170 Cal. App. 3d at 303.  Requiring Plaintiffs to re-serve Defendants would only unnecessarily delay these proceedings.

---

[2] *See also*, C.C.P. § 405.36

***Probable Validity of a Real Property Claim***

*Inconsistencies between the Security Agreement and the Promissory Note*

A notice of lis pendens may be expunged if the court finds that the Plaintiff "has not established by a preponderance of the evidence the probable validity of the real property claim." *Howard S. Wright Construction Co. v. Superior Court,* 106 Cal. App. 4th 314, 319-320 (2006) *citing* C.C.P. § 405.23. Probable validity for this purpose means "that it is more likely than not the Plaintiffs will obtain a judgment on the claim." *Howard S. Wright Construction Co. v. Superior Court,* 106 Cal. App. 4th at 319, n. 5.

Defendants argue that Plaintiffs are unable to establish a real property interest under § 405.23 because of inconsistencies between the payor listed on the security agreement which is Leif Bergman, the individual, and the payor listed on the promissory note which is Bergman Landscape Inc. Specifically, the promissory note in this action lists Bergman Landscape as the sole Payor.[3] (Doc. 1, Ex. B at pg. 2). However, the security note also contains inconsistencies related to who the payor is. For example, the security agreement lists "Leif Bergman, as the owner of Bergman Landscape," to be the payor in the introductory paragraphs. However, later in the document, at paragraph 10, Bergman Landscape, Inc. is listed as the payor for any notices filed. Finally, Leif Bergman in his capacity as President of Bergman Landscape, Inc. signed the document. (Doc. 1, at Ex. C at pgs. 1, 3 and 4). Thus, Defendants argue that the holder of the promissory note is Bergman Landscape, Inc., the corporation, while the holder of the security agreement is Leif Bergman, the individual. Defendants argue that because of these inconsistencies, Bergman Landscape Inc., is an unsecured creditor, and not the holder of the security. Thus, Bergman Landscape, Inc. could never make out its burden of a real property claim. Similarly, since Leif Bergman only holds the security and is not the owner and holder of the promissory note, he does not have a debt or note to enforce under the security agreement. In other words, Defendants argue that Leif Bergman cannot enforce the security agreement because

---

[3] *See*, Footnote 1, *supra*.

7

no debt is owed to him.

In opposition to Defendants' motion, Plaintiffs contend that this inconsistency between the documents is an ambiguity at best which can be corrected through rules of contract interpretation as the parties' intent is clear. The Tobins pledged their property as security of the note in favor of Bergman Landscaping Inc. Although the security agreement lists Leif Bergman as the payor, the parties intent at the time the security agreement was signed was that it was for the benefit and protection of Bergman Landscape Inc., for payment of services rendered. Moreover, the inconsistencies can be corrected through reformation of the contract which is a cause of action in the complaint, or as an equitable mortgage which is also a remedy in the complaint.

In reply, Defendants argue that laws of contract interpretation do not support Plaintiffs' position as any ambiguity in the document should be construed against the Plaintiffs, the drafter of the agreement. This is especially true because the security agreement is prejudicial to Defendants in that it permits Plaintiffs to foreclose on their real property interests and extinguish the Tobins' right of an exemption either by way of a forced sale or otherwise allowed under C.C.P § 704.710 through C.C.P § 704.850. (Doc. 50, at pg. 5-6). Specifically, Defendants would otherwise be entitled to the ninety percent rule and a cash sale required under California law. Defendants argue that they were shocked to learn that their home is subject to a mortgage and that the alleged mortgage would trump their homestead rights. (Doc. 21, at pg. 2 lines 17-25). Moreover, Defendants contend that construing the security agreement as a bona fide mortgage under these circumstances is a de facto waiver of Defendants' exemption rights, which is a violation of public policy.

Upon a review of the documents, Plaintiffs have established probable validity of a real property claim by a preponderance of the evidence. The Court acknowledges California law requires that ambiguities are construed against the drafter of the document. Cal. Civ. Code § 1654. However, a contract must be interpreted to give effect to the mutual intention of the

parties at the time the contract was created as long as the interpretation is lawful. Cal. Civ. Code § 1636. Moreover, a basic principle of contract interpretation is that a contract must be interpreted in a manner that will make it lawful, operative, definite, reasonable, and capable of being carried into effect. *Jacobs v. Freeman*, 104 Cal. App. 3d 177, 188 (1980)(*citing* Cal. Civ. Code § 1643). When two or more documents are executed as part of the same transaction, and relate to the same matter between the same parties, the documents are interpreted together. Cal. Civ. Code § 1642. Words in a contract that are wholly inconsistent with its nature, or the main intent of the parties are to be rejected. Cal. Civ. Code § 1653.

Here, it is clear that the promissory note is in the name of Bergman Landscape Inc. Despite the improper designation of Bergman Landscape as the payor, the introductory paragraphs of the promissory note indicate that Bergman Landscape was the entity to receive payment for work previously performed. Although the beginning of the security agreement references Leif Bergman as the owner of Bergman Landscape Inc., any notices regarding the security agreement were to be sent to Bergman Landscape. Leif Bergman also signed the agreement as president of Bergman Landscaping, Inc. Therefore, the parties were aware that the Tobins owed money to Bergman Landscape for services rendered.

Furthermore, although Defendants now argue that this agreement violates public policy because it nullifies their exemption rights, the first paragraph of the security agreement is clear that Defendants' residence is the collateral for the note and that Defendants waived *any* rights related the property :

> 1. GRANT: As security of the payment and performance of the Note, payee hereby grants payor a security interest in *all* of payee's rights, title and interest in the following (collectively referred to as the "collateral"):
>
> The residence located at 1717 E. Hawkeye Ave; Turlock, CA 95280. Stanislaus County Assesor's Parcel Number 073-021-031-000.
> Security Agreement at para. 1. (Doc. 1, Ex. C at pg. 1).

Finally, the security agreement also clearly provides that the Tobins may not sell or otherwise dispose of the property without the consent of the payor and that Bank of America

9

holds a deed of trust against the property. Security Agreement at para. 2. (Doc. 1, Ex. C at pg. 1). Thus, the Tobins were on notice that this was indeed a mortgage, as the agreement on its face provides that the property is collateral for the note.

Given the above, when the promissory note and the security agreements are examined together, Plaintiffs will more likely than not obtain a judgment on the claim.  Even if the Court were to find that rules of contract construction cannot be employed to resolve the ambiguity in the contracts, the complaint seeks reformation of the agreement to correct the drafting error which appears to be a viable cause of action in this matter.  Cal. Civil Code § 3399 provides that a contract may be revised whether there is a mutual mistake of the parties, or a mistake of one party when a written contract does not truly express the intention of the parties.  Although the parties dispute what their true intentions were at the time the documents were signed, there was an intent by both parties to use the property as collateral for the loan.  In other words, all parties understood that the Tobins owed Bergman Landscape money for services that Bergman Landscape provided.  Furthermore, it is clear that Tobins' residence was to be mortgaged in the event that they failed to pay the promissory note as scheduled.

Similarly, assuming Plaintiffs are unsuccessful under these two theories, it is more likely than not that the security agreement can be enforced as an equitable mortgage.  Under California Civ. Code § 2922, mortgages must be in writing and "executed with the formalities required in the case of a grant of real property."  Thus, no particular form is required to execute a mortgage. *Lovelady v. Escrow Inc.*, 27 Cal. App. 4th 25, 30 (1994).  "Moreover, even if an instrument is defective in its formal requirements, it may still serve as a mortgage.  An instrument will qualify as an 'equitable mortgage' where there is an agreement to give a mortgage, an attempt to execute it, and consideration. This is true even if the parties deliberately choose not to execute a formal mortgage or deed of trust, if it otherwise appears the parties intended to create a security interest." *Lovelady v. Bryson Escrow, Inc.* 27 Cal.App.4th 25 at 30 -31 (citations omitted).  This premise is reiterated in a leading California real estate practice guide :

> An express agreement in writing, where the parties clearly indicate an intention to make some particular property, described in the agreement, a security for debt, creates an equitable lien on the property which is enforceable.  The form of the writing is not important provided it sufficiently appears that it was intended by the agreement to create a security.  If the intention appears, it will create a mortgage in equity, or a specific lien on the property so intended to be mortgaged.  It is well established that an agreement in writing to give a mortgage, or a mortgage defectively executed, or an imperfect attempt to create a mortgage, or to appropriate specific property to the discharge of a particular debt, will create a mortgage in equity, or a specific equitable lien on the property intended to be mortgaged.

Miller and Starr, *California Real Estate* § 10:30 (2012)

Therefore, even it the Court were to determine that these documents were defectively executed, it is more likely than not that there was an intention make the Tobins' residence security for the debt notwithstanding the minor inconsistencies in the agreements.

***Contractor's License***

Initially, Defendants argued that Bergman Landscape Inc. lacks a valid contractor's license and is therefore prohibited from collecting on this debt.  However, after Plaintiffs produced the contractor's license, Defendants concede that Bergman Landscaping is the holder of the contractor's license pursuant to the California State Contractor's Licensing Board.[4] However, in their Reply, Defendants now argue that Mr. Bergman is estopped from arguing that Bergman Landscape holds the license because Mr. Bergman made an election to keep the security agreement.  Thus, Defendants argue that this Court is free to conclude as a matter of law that Leif Bergman is the sole owner and holder of the license rather than Bergman Landscape. (Doc. 50, pg. 7-8).  Defendants cite to *Jackson v. County of Los Angeles*, 60 Cal. App. 4th 171 (1998) in support of their argument.

The Court finds this argument unpersuasive.  Judicial estoppel applies when : "1) the same party has taken two positions, 2) the positions were taken in judicial or quasi-judicial administrative proceedings, 3) the party was successful in asserting the first position (i.e. the

---

[4] Pursuant to the Plaintiffs' request, the Court takes judicial notice that Bergman Landscape, Inc. was and is a licensed contractor at all times during this dispute. The Court will not take judicial notice of the other facts Plaintiffs have requested in Doc. 49-3, as it is unnecessary to take judicial notice of documents already in the record. see e.g. *Lew v. Bank Nat Ass'n*, 2012 WL 1029227, * n. 1 (N.D. Ca. Mar. 26, 2012).

11

1 tribunal adopted the position or accepted it as true), 4) two positions are totally inconsistent; and
2 5) the first position was not taken as a result of ignorance, fraud, or mistake." *Jackson v. County*
3 *of Los Angeles*, 60 Cal. App. 4th at 184.  Upon reviewing the facts of this case, Defendants have
4 failed to establish that judicial estoppel applies in this case.  Even *assuming arguendo* that Mr.
5 Bergman intentionally signed the security agreement as an individual, Mr. Bergman did not argue
6 that he was the holder of the contractor's license in a prior judicial or quasi-judicial
7 administrative proceeding, nor did any tribunal adopt that proposition as true.  Accordingly, this
8 Court will not ignore the documentary evidence that Bergman Landscape Inc. is the holder of the
9 contractor's license and the lis pendens will not be expunged on that basis.

10    Given the Courts' findings regarding the validity of the lis pendens, the Court will
11 recommend that Defendants' motion for attorney's fees and their motion for dismissal based on
12 sanctionable conduct be denied.

13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///

**RECOMMENDATIONS**

Accordingly, the Court recommends that Defendants' Motions to Expunge Lis Pendens be denied. Similarly, the Court recommends that Defendants' request for attorney's fees and their request for sanctions in the form of dismissal of this action also be denied.

These Findings and Recommendations are submitted to United States District Judge Lawrence W. O'Neill, pursuant to 28 U.S.C. § 636(b)(1)(B). Within **fifteen (15) days** after the date of these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 9, 2012**                        /s/ **Gary S. Austin**
                                                                                      UNITED STATES MAGISTRATE JUDGE

13