Michael G. Dini, CSBN 162073
mdini@turlocklaw.net
TRIEBSCH & FRAMPTON, APC
300 N. Palm Street, P.O. Box 709
Turlock, California   95381-0709
Telephone:  (209) 667-2300
Facsimile:   (209) 667-2357

Attorneys for Plaintiffs and Counter-Defendants
LEIF BERGMAN and BERGMAN
LANDSCAPE, INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEIF BERGMAN, ET AL., | Case Number:   1:11-CV-01866-LJO-GSA |
| *Plaintiff(s),* | **ORDER CONCLUSIVELY ESTABLISHING FINDINGS OF FACT AND LAW** |
| vs. | |
| MICHAEL. P. TOBIN, ET AL., | |
| *Defendants*. | |

The Court, having considered the stipulations, evidence and arguments of the parties, and good cause appearing therefor, hereby issues the following findings of fact and conclusions of law:

**A.    FACTUAL FINDINGS:**

1.    At the Tobins' specific instance and request, licensed contractor Bergman Landscape, Inc., performed work and provided materials improving residential real property owned by Defendants Tobin commonly known as 1717 East Hawkeye Avenue, Turlock, California and more particularly described on *Exhibit "A"* attached hereto (hereinafter the "Property").

2.    The Tobins agreed to pay Plaintiff Bergman Landscape, Inc., on a time and materials basis and the labor and materials supplied by Bergman Landscape, Inc., benefitted and improved the Property.

-1-

3. Defendants Tobin received invoices from Bergman Landscape, Inc., and never voiced any objection to Bergman Landscape, Inc., or any representative of Bergman, related to the labor and materials supplied in improving the Property.

4. When payments were overdue to Bergman Landscape, Inc., Defendants Tobin were willing to sign a secured promissory note and to pledge the Property as security for the note obligations.

5. Defendants Tobin reviewed and signed a promissory note, a true and correct copy of which is attached hereto as *Exhibit "B"* as an unconditional promise to pay Bergman Landscape, Inc., the stated sum at the agreed interest rate for the labor and materials provided by Bergman Landscape, Inc. in improving the Property.

6. Intending to pledge the Property as security to Bergman Landscape, Inc., for their note obligation to Bergman Landscape, Inc., Defendants Tobin signed a security agreement doing so, a true and correct copy of which is attached hereto as *Exhibit "C,"* believing it to be sufficient for that purpose, and delivering the note and security agreement to Leif Bergman, President of Bergman Landscape, Inc. All parties to said security agreement believed that the security agreement was created for the benefit of Bergman Landscape, Inc., and intended it to serve that purpose. The security agreement was executed with the formalities required of a real property grant.

7. The parties to the security agreement believed that the security agreement was created for the benefit of Bergman Landscape, Inc., and, through the mutual mistake of the parties, they did not notice the scrivener's error describing the security agreement's secured party as "Mr. Leif Bergman, owner of Bergman Landscape." The parties intended that the words "Mr. Leif Bergman, owner of" should not have appeared at that point and intended that the secured party would be described as "Bergman Landscape, Inc."

8. The security agreement was properly recorded in the official records in and for the County of Stanislaus on July 22, 2009 as Document No. 2009-0072405-00. Defendants Tobin defaulted in payment on the promissory note, they received demand for payment, and all sums due and owing on the promissory note were properly accelerated.

9. The Tobins now owe on the note, principal, interest, late charges, attorney's fees and costs totaling $288, 304.11.

10. The lien priorities set forth in the attached Litigation Guarantee as *Exhibit "D"* hereto and incorporated by this reference are true and correct, and the reference to "Mr. Leif Bergman, owner of Bergman Landscape, Inc." therein is to the security agreement/mortgage reformed by the parties' settlement.

**B.    FINDINGS OF LAW:**

1. The note and security agreement are enforceable contracts supported by adequate consideration.

2. The security agreement attached as *Exhibit "B"* is a valid and enforceable mortgage encumbering the Property, intended to benefit Bergman Landscape, Inc., as the secured party, executed with the formalities required of a grant of real property pursuant to California Civil Code §§2920, 2922, 1053, 1054, 1624(a)(3) and California Code of Civil Procedure §1971.

3. By mutual mistake of the parties, a drafting error naming the secured party as "Mr. Leif Bergman, owner of Bergman Landscape, Inc." was not caught and corrected and, as such, the security agreement is appropriately reformed *ab initio,* to correct the drafting error and make plain that Bergman Landscape, Inc., is the secured party and entitled to the benefit of the pledge of security pursuant to California Civil Code §3399; *San Jose Ranch Co. v. San Jose Land & Water Co.* (1901) 132 Cal. 582, 583; *Hanlon v. Western Loan & Building Company* (1941) 46 Cal. App.2d 580, 601-602.

4. The Tobins breached their note obligation, there was a demand for payment, and appropriate acceleration of amounts owing under the note.  The Tobins now owe principal, interest, late charges, attorney's fees and costs to Bergman Landscape, Inc., totaling $288,304.11, which is enforceable against the property by virtue of the security agreement/mortgage.

5. Plaintiff Bergman Landscape, Inc., is entitled to a decree of foreclosure in the stated sum with an order directing that the Property be sold through public sale pursuant to the

procedures outlined at 28 USC 2001, et. seq. with proceeds of sale used to satisfy recorded lien claims according to the priorities set forth in the Litigation Guarantee attached hereto as *Exhibit "D."*

Accordingly, IT IS HEREBY ORDERED as follows:

1. The security agreement recorded in the official records in and for the County of Stanislaus on July 22, 2009 as Document No. 2009-0072405-00 shall be reformed, *ab initio*, to reflect that Bergman Landscape, Inc., is the secured party, entitled to all rights and protections thereunder.

2. That Bergman Landscape, Inc., is entitled to a judgment of foreclosure in the amount of $288,304.11, with an order of sale, enforcement of which is stayed until June 1, 2015.

3. The procedural stipulations of the parties as to the manner of sale and further handling of this matter are approved and accepted by the court.

4. Defendants Tobins' counter-claim is hereby dismissed, with prejudice, each party to bear his/her/its own fees and costs.

5. The court shall retain jurisdiction over this matter to enforce the settlement and the court's orders and judgment.

The clerk is directed to close this action subject to reopening as necessary to enforce settlement.

IT IS SO ORDERED.

Dated:   **November 25, 2013**          /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE

-4-

[PROPOSED] ORDER CONCLUSIVELY ESTABLISHING FINDINGS OF FACT AND LAW
Case No. 1:11-CV-01866-LJO-GSA