Michael G. Dini, CSBN 162073
mdini@turlocklaw.net
TRIEBSCH & FRAMPTON, APC
300 N. Palm Street, P.O. Box 709
Turlock, California   95381-0709
Telephone:  (209) 667-2300
Facsimile:   (209) 667-2357

Attorneys for Plaintiffs and Counter-Defendants
LEIF BERGMAN and BERGMAN
LANDSCAPE, INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEIF BERGMAN, ET AL., *Plaintiff(s),* vs. MICHAEL. P. TOBIN, ET AL., *Defendants*. | Case Number:   1:11-CV-01866-LJO-GSA **JUDGMENT OF FORECLOSURE AND ORDER OF SALE** |

The above-titled case came on regularly for findings and judgment pursuant to the procedural, factual, and legal stipulations of the parties and submitted to this honorable court.  On the basis of said stipulations by the parties, with the advice and consent of counsel, no statement of decision having been requested or required, this honorable court hereby ADJUDGES, ORDERS, AND DECREES as follows:

1. The Security Agreement recorded on July 22, 2009 as Document No. 2009-0072405-00, is reformed *ab initio* to reflect the parties' intent that Plaintiff Bergman Landscape, Inc., is the secured party under the Security Agreement, and said Security Agreement is a mortgage encumbering the real property commonly known as 1717 East Hawkeye Road, Turlock, California, more particularly described as follows (hereinafter the Property):

-1-

**PARCEL ONE:**

ALL THAT PORTION OF LOT 75 OF THE ELMWOOD COLONY, ACCORDING TO THE OFFICIAL MAP THEREOF FILED FOR RECORD IN VOLUME 2 OF MAPS AT PAGE 13, STANISLAUS COUNTY RECORDS, LOCATED IN SECTION 12, TOWNSHIP 5 SOUTH, RANGE 10 EAST, MOUNT DIABLO BASE AND MERIDIAN, MORE PARTICULARLY DESCRIBED AS FOLLOWS:

COMMENCING AT THE TRUE SOUTHWEST CORNER OF LOT 75 OF THE ELMWOOD COLONY, BEING THE SOUTHWEST CORNER OF SECTION 12; THENCE NORTH 1° 06' 32. WEST, ALONG THE CENTERLINE OF BERKELEY AVENUE AND THE WEST LINE OF LOT 75, A DISTANCE OF 342.00 FEET TO THE EXTENSION OF THE NORTH LINE OF A 30 FEET WIDE PUBLIC UTILITY EASEMENT GRANTED TO THE CITY OF TURLOCK (SEE RESOLUTION NO. 78-61); THENCE NORTH 89° 29' 30" EAST, ALONG THE EXTENSION OF THE NORTH LINE OF SAID EASEMENT, A DISTANCE OF 30.00 FEET TO A POINT ON THE EAST LINE OF SAID BERKELEY AVENUE AND THE SOUTHWEST CORNER OF PARCEL 1, AS SHOWN IN BOOK 37 OF PARCEL MAPS, AT PAGE 83, STANISLAUS COUNTY RECORDS; THENCE NORTH, 89° 29' 30" EAST, ALONG THE NORTH LINE OF AFORESAID EASEMENT, A DISTANCE OF 297.30 FEET TO A POINT ON THE NORTHERLY EXTENSION OF THE WEST LINE OF THE PROPERTY CONVEYED TO JOHN W. PALMER AND MARIAN S. PALMER BY DEEDS RECORDED IN VOLUME 1688 OF OFFICIAL RECORDS AT PAGE 684 AND VOLUME 1738 OF OFFICIAL RECORDS AT PAGE 64; THENCE SOUTH 1° 03' 30. EAST, ALONG THE WEST LINE OF SAID PALMER PROPERTY AND THE NORTHERLY EXTENSION OF SAID WEST LINE, A DISTANCE OF 143.20 FEET TO A POINT WHICH LIES SOUTH 1° 03' 30" EAST, 16.20 FEET FROM THE NORTHWEST CORNER OF SAID PALMER PROPERTY AND THE TRUE POINT OF BEGINNING; THENCE NORTH 89° 54' 36" EAST, A DISTANCE OF 163.02 FEET TO A POINT ON THE EAST LINE OF SAID PALMER PROPERTY WHICH LIES SOUTH 1° 03' 30" EAST, 17.39 FEET FROM THE NORTHEAST CORNER OF SAID PALMER PROPERTY; THENCE SOUTH 1° 03' 30" EAST, ALONG THE EAST LINE OF SAID PALMER PROPERTY, A DISTANCE OF 197.61 FEET, MORE OR LESS, TO A POINT ON THE SOUTH LINE OF SECTION 12 AND THE SOUTH LINE OF LOT 75; THENCE SOUTH 89° 29' 30" WEST, ALONG THE SOUTH LINE OF SECTION 12 AND LOT 75, A DISTANCE OF 163.00 FEET; THENCE NORTH 1° 03' 30" WEST, ALONG THE WEST LINE OF SAID PALMER PROPERTY, A DISTANCE OF 198.80 MORE OR LESS, FEET TO THE POINT OF BEGINNING.

EXCEPTING THEREFROM THE SOUTHERLY 20 FEET THEREOF.

ALSO EXCEPTING, THEREFROM ALL THAT PORTION THEREOF MORE PARTICULARLY DESCRIBED AS FOLLOWS; COMMENCING AT THE SOUTHWEST CORNER OF SAID SECTION 12; THENCE SOUTH 89° 11' 07" EAST (WHICH ALSO IS THE BASIS OF BEARINGS) ALONG THE SOUTHERLY BOUNDARY OF SAID SECTION, A DISTANCE OF 327.00 FEET; THENCE NORTH 0° 16' 23" EAST, A DISTANCE OF 20.00 FEET TO A POINT ON THE NORTH RIGHT OF WAY LINE OF HAWKEYE AVENUE AND THE TRUE POINT OF BEGINNING; THENCE, CONTINUING ON THE SAME COURSE, NORTH 0° 16' 23" EAST, A DISTANCE OF 11.00 FEET TO A POINT OF TANGENCY WITH A CIRCULAR CURVE CONCAVE TO THE NORTHWEST AND HAVING A RADIUS OF 1,019.00 FEET (CHORD BEARS NORTH 87° 06' 52" EAST, A DISTANCE OF 112.29 FEET); THENCE NORTHEASTERLY, ALONG SAID CURVE, A DISTANCE OF 112.35 FEET TO A POINT OF TANGENCY WITH A CIRCULAR CURVE CONCAVE TO THE SOUTHEAST AND HAVING A RADIUS OF 1,081.00 FEET (CHORD BEARS NORTH 84° 51' 44" EAST, A DISTANCE OF 34.19 FEET); THENCE SOUTHEASTERLY, ALONG SAID CURVE, A DISTANCE OF 34.20 FEET; THENCE NORTH 48° 38' 17" EAST TO A POINT ON THE WEST RIGHT OF WAY LINE OF PALMER DRIVE, A DISTANCE OF 22.51 FEET; THENCE SOUTH 0° 16' 23" WEST, ALONG SAID RIGHT OF WAY LINE, A DISTANCE OF 36.91 FEET; THENCE NORTH 89° 11' 07" WEST, ALONG THE NORTH RIGHT OF WAY LINE OF HAWKEYE AVENUE AND PARALLEL WITH SAID SECTION LINE, A DISTANCE OF 163.00 FEET TO THE TRUE POINT OF BEGINNING.

NOTE: THE ABOVE LEGAL DESCRIPTION IS PURSUANT TO THAT CERTAIN LOT LINE ADJUSTMENT NO. 07-03 RECORDED MAY 30, 2007 IN INSTRUMENT NO. 2007-0071094, STANISLAUS COUNTY RECORDS.

**PARCEL TWO:**

JUDGMENT OF FORECLOSURE AND ORDER OF SALE
Case No. 1:11-CV-01866-LJO-GSA

AN EASEMENT AS DESCRIBED AS FOLLOWS:

ALL THAT PORTION OF LOT 75 OF ELMWOOD COLONY, ACCORDING TO THE OFFICIAL MAP THEREOF, FILED FOR RECORD IN VOLUME 2 OF MAPS AT PAGE 13, STANISLAUS COUNTY RECORDS, LOCATED IN SECTION 2, TOWNSHIP 5 SOUTH, RANGE 10 EAST, MOUNT DIABLO BASE AND MERIDIAN, MORE PARTICULARLY DESCRIBED AS FOLLOWS:

COMMENCING AT THE TRUE SOUTHWEST CORNER OF LOT 75 OF THE ELMWOOD COLONY, BEING THE SOUTHWEST CORNER OF SECTION 12; THENCE NORTH 89° 29' 30" EAST, ALONG THE CENTERLINE OF HAWKEYE AVENUE AND THE SOUTH LINE OF LOT 75, A DISTANCE OF 317.00 FEET; THENCE NORTH 1° 03' 30" WEST, A DISTANCE OF 20.00 FEET TO A POINT ON THE NORTH LINE OF HAWKEYE AVENUE AND THE TRUE POINT OF BEGINNING; THENCE CONTINUING NORTH 1° 03' 30" WEST, A DISTANCE OF 195.00 FEET; THENCE NORTH 89° 29' 30" EAST, A DISTANCE OF 10.00 FEET; THENCE SOUTH 1° 03' 30" EAST, A DISTANCE OF 195.00 FEET; THENCE SOUTH 89° 29' 30" WEST, A DISTANCE OF 10.00 FEET TO THE TRUE POINT OF BEGINNING.

APN: 073-021-031

2. Judgment shall be entered in favor of Plaintiff Bergman Landscape, Inc. against Defendants Michael P. Tobin and Holly W. Tobin, individually, jointly and severally, on the terms set forth in the following paragraphs:

    a. Defendants Tobin are indebted to Plaintiff through the date of entry of judgment for principal, interest, late charges, attorneys' fees and costs, in the total sum of $288,304.11.  The court orders that the Property be sold according to the procedures set forth at 28 USC §2001 et. seq. at a public sale by the Sheriff of Stanislaus County or the U.S. Marshall.  By this order the Sheriff or the U.S. Marshall is ordered and directed to conduct such sale on or after June 2, 2015, once the notice requirements of 28 USC § 2001 et. seq. have been satisfied.  However, such sale procedures shall not commence prior to June 2, 2015, and any deadline for completing this judicial sale shall be tolled and commence June 2, 2015.

    b. Any party to this action may purchase the Property at the sale.

    c. From the sales proceeds, the first deed of trust encumbering the Property benefiting Nationstar Mortgage LLC (f/k/a Centex Home Equity Company, LLC) (or its successor or

assign), shall be satisfied and then the Sheriff or U.S. Marshall shall pay to Plaintiff Bergman Landscape, Inc., after deducting expenses of the levy and sale, sums adjudged owing under paragraph 2(a).

If any surplus remains after the payments specified in paragraph 2(a) are made, the surplus shall be paid to the following persons in order of priority:

1) Steele Ventures, Inc., dba Pacific Coast Commodities;

2) United States of America; and

3) Bob Vanella, individually and dba Vanella Farms.

Plaintiff Bergman Landscape, Inc., has waived judgment for any deficiency, and therefore Defendants Tobin are not personally liable for any portion of the sum set forth in paragraph 2(a) that is not satisfied by the judicial sale. Further, since Plaintiff has waived deficiency, there is no need for appraisal of the Property and Defendants Tobin have no right of redemption thereon.

d. On completion of the sale, the Sheriff or Marshall shall execute a deed of sale to the purchasers, who may then take possession of the Property, if necessary, with the assistance of the Sheriff of Stanislaus County or U.S. Marshall.

e. Defendants Tobin, all persons claiming from or under them, all persons and their personal representatives having liens subsequent to the Bergman Landscape, Inc., mortgage by judgment or decree on the Property, all persons and their heirs or personal representatives having any lien or claim by or under such subsequent judgment or decree, all persons claiming under them, and all persons claiming to have acquired any estate or interest in the Property after the recordation of the

-4-

Bergman Landscape, Inc., mortgage or after the recordation of the notice of pendency of this action with the county recorder, are forever barred and foreclosed from all equity of redemption in and claim to the premises from and after delivery of the deed by the Sheriff.

     3.    The court shall retain jurisdiction to enforce the parties' settlement agreement and the court's orders and judgment.

     The clerk is directed to close this action.

IT IS SO ORDERED.

    Dated:   **November 25, 2013**        **/s/ Lawrence J. O'Neill**
                                                               UNITED STATES DISTRICT JUDGE