# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEIF BERGMAN, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>MICHAEL P. TOBIN., et al.,<br><br>    Defendants. | Case No. 1:11-CV-01866-LJO-GSA<br><br>ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION TO APPROVE NOTICE OF SALE, PUBLISH NOTICE OF SALE, ESTABLISH SALE PROCEDURES, AND DIRECT ISSUANCE OF WRIT OF SALE<br><br>(Doc. 81) |

    This case concerns real property commonly known as 1717 East Hawkeye Avenue, Turlock, California (the "Property"), owned by Defendants Michael P. Tobin and Holly W. Tobin ("the Tobins" or "judgment debtors").[1] *See* Doc. 1. Plaintiff Bergman Landscape, Inc. holds a mortgage secured by the Property. *Id.*

    On November 26, 2013, this Court issued a Judgment of Foreclosure and Order of Sale with regard to the Property, following a Notice of Settlement reached by the parties. Doc. 80. The settlement permitted entry of judgment, "with delayed enforcement permitting [the Tobins] an opportunity to make payments totaling an agreed sum by fixed deadlines." Doc. 70, at 1. "In the event [the Tobins] are unable to meet the required payment benchmarks, the settlement will permit enforcement of judgment by sale of [the Property.]" *Id.* Through the date of entry of the Judgment,

---

[1] According to the original complaint, the remaining Defendants, Steel Ventures, Inc. d/b/a Pacific Coast Commodities, the United States of America, Bob Vanella individually, and d/b/a Vanella Farms, claim some right, title or interest in the Property, and "are necessary parties to this action to ensure that they are bound by any findings and judgment of the Court." Doc. 1-1 at ¶ 5.

the Tobins were indebted to Plaintiffs for principal, interest, late charges, attorneys' fees and costs, in the total sum of $288,304.11. Doc. 80, at 3. The Judgment ordered that the Property be sold according to the procedures set forth in 28 U.S.C. § 2001, *et seq.*, in a public sale by the Sheriff of Stanislaus County or the United States Marshall. *Id.* The Judgment stayed enforcement by sale until June 2, 2015, in accordance with the parties' settlement. *Id.* The Judgment also retained the Court's jurisdiction to enforce the parties' settlement agreement. *Id.*, at 5.

On December 19, 2015, Plaintiffs filed the pending motion for the Court to approve their proposed notice of sale, publish said notice of sale, establish sales procedures, and direct issuance of a writ of sale as to the Property, pursuant to 28 U.S.C. §§ 2001, 2002, and Federal Rule of Civil Procedure 64(a). Doc. 81. The Tobins do not oppose the motion. Doc. 87.

In connection with their motion, Plaintiffs submitted evidence that the Tobins have not complied with the terms of the settlement, as they have failed to make the agreed-upon payments by the deadlines. Doc. 81-2 at ¶ 4. Moreover, the June 2, 2015 stay has lapsed. *See id.* The Court has reviewed Plaintiffs' proposed procedures for the sale, and finds them to be in accordance with 28 U.S.C. § 2002. Accordingly, pursuant to 28 U.S.C. § 2001, which authorizes district courts to order any sales of real property "upon such terms and conditions as the court directs," the Court **GRANTS** Plaintiffs' motion to approve notice of sale, publish said notice of sale, establish sales procedures, and direct issuance of a writ of sale. Moreover, as Plaintiffs have waived deficiency, there is no need for appraisal of the Property, as normally required by 28 U.S.C. § 2001(b). Doc. 80, at 4.

Accordingly, it is **ORDERED** as follows:

1. The Sheriff of Stanislaus County or the United States Marshall is **AUTHORIZED** and **DIRECTED** under 28 U.S.C. §§ 2001, 2002 to offer for public sale and to sell the Property. The terms and conditions of the November 26, 2013 Judgment (Doc. 80) are incorporated by reference here, with the following supplemental procedures to be followed:
   a. That the sale occur at the North Entrance of the Superior Court of the State of California in and for the County of Stanislaus, located at 1100 I Street, Modesto, California, at the hour of 1:30, on the date specified in the notice of sale, or as

permitted in the notice of sale, after the notice of sale has been published for the period required by 28 U.S.C. § 2002;

b. That the sale be made at auction to the highest bidder for cash paid by certified or cashier's check;

c. That persons desiring to bid must be qualified to do so by displaying to the levying officer certified or cashier's checks establishing the upper limit of their ability to bid;

d. That the successful bidder shall be required to deposit with the levying officer certified or cashier's checks totaling at least the amount of the successful bid;

e. That the judgment creditor may bid giving the levying officer a written receipt crediting all or part of the amount required to satisfy the judgment to judgment creditors;

f. That no bids shall be accepted from persons other than qualified bidders;

g. That if the highest bidder does not pay the amount bid, a new sale shall be held immediately;

h. That in furtherance of all the foregoing, the Sherriff or United States Marshall shall serve a notice of levy in substantially the form attached to Doc. 81-2 as Exhibit 3, on the judgment debtors.

2. The Proposed Notice of Sale (Doc. 81-2, Ex. 4) is **APPROVED** for publication in the Turlock Journal, a newspaper of general circulation in the city and county where the Property is located;

3. The Clerk of the Court is **DIRECTED** to issue of a writ of sale to be served on the judgment debtors.

IT IS SO ORDERED.

Dated:   **March 29, 2016**          /s/ Lawrence J. O'Neill
                                   UNITED STATES DISTRICT JUDGE

4.